**E-FILED**
Monday, 27 June, 2005 10:42:12 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

COLLEEN BAGLEY, NORMA BARTMAN, JACQUES BEARDSLEY, STEVEN BEST, KENNETH BISHOP, JAMES BROWN, LAWRENCE BURTON, LUTHER BYRD, WILLIAM CARRELL, MICHAEL CHAPMAN, JEFFREY CLAPP, WILLIAM CLARDY, JOSEPH COMPTON, MELVIN COOPER, JOSEPH COWAN, LLOYD DEJAYNES, TONY ELDER, TIM ELLIOTT, FRANK FAIRLESS, RONALD GILBERT, BILLY GROANING, ANTHONY HARVEY, CHRISTOPHER HUGHES, JEFFREY HUGHES, KENT JANSSEN, RANDY JENKINS STEPHEN KING, RON KOLWEIER, CALVIN LANDIS, KEVIN LASKEY, JULIA LYNN, GLENN MALONE, STEPHEN MATTOX, RICHARD McDONALD, TIM McGREW, PAUL MORGAN, STANLEY NOLL, LORI OAKLEY, WILLIAM REES, RUSSELL REYNOLDS, DONALD RIVERIA, LARRY ROACH, KENT ROHE, JAMES RUSSELL, RICHARD SAMUELSON, CURTLAND SAWYER, ANDREW SCHOTT, DEBORAH SEEMAN, JIM SUITS, VIRGIL TAYLOR, ELIZABETH THORSON, MISTY VALESTIN, CALVIN WALLACE, STEVEN WARD, ERIC WELCH, JOHN WEST, JOHN WHEAT, STEPHEN WIDGER, RICKEY WILLIAMS, and VENITA WRIGHT,

Plaintiffs,

v. ) Case No.

ROD BLAGOJEVICH, JULIE CURRY, ROGER E. WALKER, JR., JUSTIN SMOCK, BUDDY MAUPIN and HENRY BAYER,

Defendants. ) **Jury Demand**

**COMPLAINT**

NOW COME the Plaintiffs, Colleen Bagley [hereafter "Bagley"], Norma Bartman [hereafter "Bartman"], Jacques Beardsley [hereafter "Beardsley"], Steven Best [hereafter "Best"], Kenneth Bishop [hereafter "Bishop"], James Brown [hereafter "Brown"], Lawrence Burton [hereafter "Burton"], Luther Byrd [hereafter "Byrd"], William Carrell [hereafter "Carrell"], Michael Chapman [hereafter "Chapman"], Jeffrey Clapp [hereafter "Clapp"], William Clardy [hereafter "Clardy"], Joseph Compton [hereafter "Compton"], Melvin Cooper [hereafter "Cooper"], Joseph Cowan [hereafter "Cowan"], Lloyd DeJaynes [hereafter "DeJaynes"], Tony Elder [hereafter "Elder"], Tim Elliott [hereafter "Elliott"], Frank Fairless [hereafter "Fairless"], Ronald Gilbert [hereafter "Gilbert"], Billy Groaning [hereafter "Groaning"], Anthony Harvey [hereafter "Harvey"], Christopher Hughes [hereafter "Christopher Hughes"], Jeffrey Hughes [hereafter "Jeffrey Hughes"], Kent Janssen [hereafter "Janssen"], Randy Jenkins [hereafter "Jenkins"], Stephen King [hereafter "King"], Ron Kolweier [hereafter "Kolweier"], Calvin Landis [hereafter "Landis"], Kevin Laskey [hereafter "Laskey"], Julia Lynn [hereafter "Lynn"], Glenn Malone [hereafter "Malone"], Stephen Mattox [hereafter "Mattox"], Richard McDonald [hereafter "McDonald"], Tim McGrew [hereafter "McGrew"], Paul Morgan [hereafter "Morgan"], Stanley Noll [hereafter "Noll"], Lori Oakley [hereafter "Oakley"], William Rees [hereafter "Rees"], Russell Reynolds [hereafter "Reynolds"], Donald Riveria [hereafter "Riveria"], Larry Roach [hereafter "Roach"], Kent Rohe [hereafter "Rohe"], James "Dale" Russell [hereafter "Russell"], Richard Samuelson [hereafter "Samuelson"], Curtland Sawyer [hereafter "Sawyer"], Andrew Schott [hereafter "Schott"], Deborah Seeman [hereafter "Seeman"], Jim Suits [hereater

"Suits"], Virgil Taylor [hereafter "Taylor"], Elizabeth Thorson [hereafter "Thorson"], Misty Valestin [hereafter "Valestin"], Calvin Wallace [hereafter "Wallace"], Steven Ward [hereafter "Ward"], Eric Welch [hereafter "Welch"], John West [hereafter "West"], John Wheat [hereafter "Wheat"], Stephen Widger [hereafter "Widger"], Rickey Williams [hereafter "Williams"] and Venita Wright [hereafter "Wright"] [throughout this proceeding the Plaintiffs will from time to time collectively be referred to as the "former DOC Captains"], by and through their attorney of record, John A. Baker, and in support of their complaint against the defendants, Rod Blagojevich [hereafter referred to as "Governor Blagojevich"], Julie Curry [hereafter "Curry"], Roger E. Walker, Jr. [hereafter "Walker"], Buddy Maupin [hereafter "Maupin"] and Henry Bayer [hereafter "Bayer"] state as follows:

**Introduction**

1. This is a civil rights action brought by the former captains pursuant to 42 U.S.C. § 1983 to redress the defendants' violation of their rights under the First Amendment to the United States Constitution.

**Jurisdiction**

2. The jurisdiction of this Court is invoked pursuant to the terms of Title 28, United States Code, Sections 1331 and 1337 and Title 28, United States Code, Sections 1983 and 1988. This is a civil action arising under the laws of the United States. Specifically, this is an action brought in furtherance of a certain Act of Congress guaranteeing to citizens of the United States protections against the acts of public officers which infringe upon their rights under the Constitution of the United States.

The venue of this Court to entertain the issues raised in this case is appropriate by virtue of Title

28, United States Code, Section 1391(b) since many of the actions giving rise to the above captioned proceeding did occur within the judicial district of this Court. Further, the defendants all engage in business within the judicial district of this Court.

**Parties**

3. Bagley is an adult citizen of the State of Illinois and the United States of America. Bagley has been employed by the Illinois Department of Corrections [hereafter "DOC"] continuously since 1983. Prior to August 1, 2003 Bagley had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 she was given the option of either losing her employment with DOC or accepting a position as a Correctional Officer. Bagley elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

4. Bartman is an adult citizen of the State of Illinois and the United States of America. Bartman has been employed by the DOC continuously since 1978. Prior to August 1, 2003 Bartman had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 she was given the option of either losing her employment with DOC or accepting a position as a Correctional Lieutenant. Bartman elected to accept a position as a Correctional Lieutenant. The position of Correctional Lieutenant is less senior to the position of Correctional Captain and constitutes a downward departure from the position of Correctional Captain in rank, prestige and income.

5. Beardsley is an adult citizen of the State of Illinois and the United States of America. Beardsley has been employed by the DOC continuously since 1979. Prior to August 1,

2003 Beardsley had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. Beardsley elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

6. Best is an adult citizen of the State of Illinois and the United States of America. Best has been employed by the DOC continuously since 1986. Prior to August 1, 2003 Best had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Lieutenant. Best elected to accept a position as a Correctional Lieutenant. The position of Correctional Lieutenant is less senior to the position of Correctional Captain and constitutes a downward departure from the position of Correctional Captain in rank, prestige and income.

7. Bishop is an adult citizen of the State of Illinois and the United States of America. Bishop has been, at all relevant times, employed by the DOC continuously since about 1987. Prior to August 1, 2003 Bishop had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. Bishop elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

8. Brown is an adult citizen of the State of Illinois and the United States of America. Brown has been employed by the DOC continuously since 1989. Prior to August 1, 2003

Brown had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Lieutenant. Brown elected to accept a position as a Correctional Lieutenant. The position of Correctional Lieutenant is less senior to the position of Correctional Captain and constitutes a downward departure from the position of Correctional Captain in rank, prestige and income.

9. Burton is an adult citizen of the State of Illinois and the United States of America. Burton has been employed by the DOC continuously since 1986. Prior to August 1, 2003 Burton had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Lieutenant. Brown elected to accept a position as a Correctional Lieutenant. The position of Correctional Lieutenant is less senior to the position of Correctional Captain and constitutes a downward departure from the position of Correctional Captain in rank, prestige and income.

10. Byrd is an adult citizen of the State of Illinois and the United States of America. Byrd has been employed by the DOC continuously since about 1990. Prior to August 1, 2003 Byrd had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. Byrd elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

11. Carrell is an adult citizen of the State of Illinois and the United States of America. Carrell has been employed by the DOC continuously since 1983. Prior to August 1, 2003

Carrell had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Lieutenant. Carrell elected to accept a position as a Correctional Lieutenant. The position of Correctional Lieutenant is less senior to the position of Correctional Captain and constitutes a downward departure from the position of Correctional Captain in rank, prestige and income.

12. Chapman is an adult citizen of the State of Illinois and the United States of America. Chapman has been employed by the DOC continuously since 1989. Prior to August 1, 2003 Chapman had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. Chapman elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

13. Clapp is an adult citizen of the State of Illinois and the United States of America. Clapp has been employed by the DOC continuously since 1993. Prior to August 1, 2003 Clapp had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. Clapp elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

14. Clardy is an adult citizen of the State of Illinois and the United States of America. Clardy has been employed by the DOC continuously since 1979. Prior to August 1, 2003

Clardy had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. Clardy elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

15. Compton is an adult citizen of the State of Illinois and the United States of America. Compton has been employed by the DOC continuously since 1981. Prior to August 1, 2003 Compton had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Lieutenant. Compton elected to accept a position as a Correctional Lieutenant. The position of Correctional Lieutenant is less senior to the position of Correctional Captain and constitutes a downward departure from the position of Correctional Captain in rank, prestige and income.

16. Cooper is an adult citizen of the State of Illinois and the United States of America. Cooper has been employed by the DOC continuously since 1989. Prior to August 1, 2003 Cooper had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. Cooper elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

17. Cowan is an adult citizen of the State of Illinois and the United States of

America. Cowan has been employed by the DOC continuously since 1984. Prior to August 1, 2003 Cowan had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Lieutenant. Cowan elected to accept a position as a Correctional Lieutenant. The position of Correctional Lieutenant is less senior to the position of Correctional Captain and constitutes a downward departure from the position of Correctional Captain in rank, prestige and income.

18. DeJaynes is an adult citizen of the State of Illinois and the United States of America. DeJaynes has been employed by the DOC continuously since 1988. Prior to August 1, 2003 DeJaynes had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. DeJaynes elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

19. Elder is an adult citizen of the State of Illinois and the United States of America. Elder has been employed by the DOC continuously since 1983. Prior to August 1, 2003 Elder had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. Elder elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

20. Elliott is an adult citizen of the State of Illinois and the United States of

America. Elliott has been employed by the DOC continuously since 1983. Prior to August 1, 2003 Elliott had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Lieutenant. Elliott elected to accept a position as a Correctional Lieutenant. The position of Correctional Lieutenant is less senior to the position of Correctional Captain and constitutes a downward departure from the position of Correctional Captain in rank, prestige and income.

21. Fairless is an adult citizen of the State of Illinois and the United States of America. Fairless has been employed by the DOC continuously since 1983. Prior to August 1, 2003 Fairless had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. Fairless elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

22. Gilbert is an adult citizen of the State of Illinois and the United States of America. Gilbert had been employed by the DOC since 1993. Prior to August 1, 2003 Gilbert had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. Gilbert elected to sever his employment with the DOC.

23. Groaning is an adult citizen of the State of Illinois and the United States of America. Groaning has been employed by the DOC continuously since 1981. Prior to August 1, 2003 Groaning had, for a period of time, served the DOC as a Correctional Captain. On or about August 1,

2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Lieutenant. Groaning elected to accept a position as a Correctional Lieutenant. The position of Correctional Lieutenant is less senior to the position of Correctional Captain and constitutes a downward departure from the position of Correctional Captain in rank, prestige and income.

24. Harvey is an adult citizen of the State of Illinois and the United States of America. Harvey has been employed by the DOC continuously since 1985. Prior to August 1, 2003 Harvey had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. Harvey elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

25. Christopher Hughes is an adult citizen of the State of Illinois and the United States of America. Christopher Hughes has been employed by the DOC continuously since 1986. Prior to August 1, 2003 Christopher Hughes had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. Christopher Hughes elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

26. Jeffrey Hughes is an adult citizen of the State of Illinois and the United States of America. Jeffrey Hughes has been employed by the DOC continuously since 1984. Prior to August 1,

2003 Jeffrey Hughes had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. Jeffrey Hughes elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

27. Janssen is an adult citizen of the State of Illinois and the United States of America. Janssen has been employed by the DOC continuously since 1980. Prior to August 1, 2003 Janssen had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Lieutenant. Janssen elected to accept a position as a Correctional Lieutenant. The position of Correctional Lieutenant is less senior to the position of Correctional Captain and constitutes a downward departure from the position of Correctional Captain in rank, prestige and income.

28. Jenkins is an adult citizen of the State of Illinois and the United States of America. Jenkins has been employed by the DOC continuously since 1985. Prior to August 1, 2003 Jenkins had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Lieutenant. Jenkins elected to accept a position as a Correctional Lieutenant. The position of Correctional Lieutenant is less senior to the position of Correctional Captain and constitutes a downward departure from the position of Correctional Captain in rank, prestige and income.

29. King is an adult citizen of the State of Illinois and the United States of America. King has been employed by the DOC continuously since 1984. Prior to August 1, 2003

King had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. King elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

30. Kolweier is an adult citizen of the State of Illinois and the United States of America. Kolweier has been employed by the DOC continuously since 1984. Prior to August 1, 2003 Kolweier had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. Kolweier elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

31. Landis is an adult citizen of the State of Illinois and the United States of America. Landis has been employed by the DOC continuously since 1985. Prior to August 1, 2003 Landis had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Lieutenant. Landis elected to accept a position as a Correctional Lieutenant. The position of Correctional Lieutenant is less senior to the position of Correctional Captain and constitutes a downward departure from the position of Correctional Captain in rank, prestige and income.

32. Laskey is an adult citizen of the State of Illinois and the United States of America. Laskey has been employed by the DOC continuously since 1986. Prior to August 1, 2003

Laskey had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. Laskey elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

33. Lynn is an adult citizen of the State of Illinois and the United States of America. Lynn has been employed by the DOC continuously since about 1986. Prior to August 1, 2003 Lynn had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 she was given the option of either losing her employment with DOC or accepting a position as a Correctional Lieutenant. Lynn elected to accept a position as a Correctional Lieutenant. The position of Correctional Lieutenant is less senior to the position of Correctional Captain and constitutes a downward departure from the position of Correctional Captain in rank, prestige and income.

34. Malone is an adult citizen of the State of Illinois and the United States of America. Malone has been employed by the DOC continuously since 1991. Prior to August 1, 2003 Malone had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. Malone elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

35. Mattox is an adult citizen of the State of Illinois and the United States of America. Mattox has been employed by the DOC continuously since 1988. Prior to August 1, 2003

Mattox had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. Mattox elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

36. McDonald is an adult citizen of the State of Illinois and the United States of America. McDonald has been employed by the DOC continuously since 1995. Prior to August 1, 2003 McDonald had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. McDonald elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

37. McGrew is an adult citizen of the State of Illinois and the United States of America. McGrew has been employed by the DOC continuously since 1987. Prior to August 1, 2003 McGrew had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. McGrew elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

38. Morgan is an adult citizen of the State of Illinois and the United States of America. Morgan has been employed by the DOC continuously since 1985. Prior to August 1, 2003

Morgan had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. Morgan elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

39. Noll is an adult citizen of the State of Illinois and the United States of America. Noll has been employed by the DOC continuously since 1987. Prior to August 1, 2003 Noll had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. Noll elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

40. Oakley is an adult citizen of the State of Illinois and the United States of America. Oakley has been employed by the DOC continuously since 1995. Prior to August 1, 2003 Oakley had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 she was given the option of either losing her employment with DOC or accepting a position as a Correctional Officer. Oakley elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

41. Rees is an adult citizen of the State of Illinois and the United States of America. Rees has been employed by the DOC continuously since 1985. Prior to August 1, 2003

Rees had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Lieutenant. Rees elected to accept a position as a Correctional Lieutenant. The position of Correctional Lieutenant is less senior to the position of Correctional Captain and constitutes a downward departure from the position of Correctional Captain in rank, prestige and income.

42. Reynolds is an adult citizen of the State of Illinois and the United States of America. Reynolds has been employed by the DOC continuously since 1984. Prior to August 1, 2003 Reynolds had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Lieutenant. Reynolds elected to accept a position as a Correctional Lieutenant. The position of Correctional Lieutenant is less senior to the position of Correctional Captain and constitutes a downward departure from the position of Correctional Captain in rank, prestige and income.

43. Riveria is an adult citizen of the State of Illinois and the United States of America. Riveria has been employed by the DOC continuously since 1992. Prior to August 1, 2003 Riveria had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. Riveria elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

44. Roach is an adult citizen of the State of Illinois and the United States of America. Roach has been employed by the DOC continuously since 1984. Prior to August 1, 2003

Roach had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Lieutenant. Roach elected to accept a position as a Correctional Lieutenant. The position of Correctional Lieutenant is less senior to the position of Correctional Captain and constitutes a downward departure from the position of Correctional Captain in rank, prestige and income.

45. Rohe is an adult citizen of the State of Illinois and the United States of America. Rohe has been employed by the DOC continuously since 1989. Prior to August 1, 2003 Rohe had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. Rohe elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

46. Russell is an adult citizen of the State of Illinois and the United States of America. Russell has been employed by the DOC continuously since 1984. Prior to August 1, 2003 Russell had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Lieutenant. Russell elected to accept a position as a Correctional Lieutenant. The position of Correctional Lieutenant is less senior to the position of Correctional Captain and constitutes a downward departure from the position of Correctional Captain in rank, prestige and income.

47. Samuelson is an adult citizen of the State of Illinois and the United States of America. Samuelson has been employed by the DOC continuously since 1987. Prior to August 1,

2003 Samuelson had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. Samuelson elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

48. Sawyer is an adult citizen of the State of Illinois and the United States of America. Sawyer has been employed by the DOC continuously since 1978. Prior to August 1, 2003 Sawyer had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. Sawyer elected to sever his employment with the DOC.

49. Schott is an adult citizen of the State of Illinois and the United States of America. Schott has been employed by the DOC continuously since 1984. Prior to August 1, 2003 Schott had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. Schott elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

50. Seeman is an adult citizen of the State of Illinois and the United States of America. Seeman has been employed by the DOC continuously since 1984. Prior to August 1, 2003 Seeman had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 she was given the option of either losing her employment with DOC or accepting a position as a

Correctional Officer. Seeman elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

51. Suits is an adult citizen of the State of Illinois and the United States of America. Suits has been employed by the DOC continuously since 1978. Prior to August 1, 2003 Suits had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Lieutenant. Suits elected to accept a position as a Correctional Lieutenant. The position of Correctional Lieutenant is less senior to the position of Correctional Captain and constitutes a downward departure from the position of Correctional Captain in rank, prestige and income.

52. Taylor is an adult citizen of the State of Illinois and the United States of America. Taylor has been employed by the DOC continuously since 1984. Prior to August 1, 2003 Taylor had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Lieutenant. Taylor elected to accept a position as a Correctional Lieutenant. The position of Correctional Lieutenant is less senior to the position of Correctional Captain and constitutes a downward departure from the position of Correctional Captain in rank, prestige and income.

53. Thorson is an adult citizen of the State of Illinois and the United States of America. Thorson has been employed by the DOC continuously since 1989. Prior to August 1, 2003 Thorson had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 she was given the option of either losing her employment with DOC or accepting a position as a

Correctional Officer. Thorson elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

54. Valestin is an adult citizen of the State of Illinois and the United States of America. Valestin has been employed by the DOC continuously since 1989. Prior to August 1, 2003 Valestin had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 she was given the option of either losing her employment with DOC or accepting a position as a Correctional Lieutenant. Valestin elected to accept a position as a Correctional Lieutenant. The position of Correctional Lieutenant is less senior to the position of Correctional Captain and constitutes a downward departure from the position of Correctional Captain in rank, prestige and income.

55. Wallace is an adult citizen of the State of Illinois and the United States of America. Wallace has been employed by the DOC continuously since 1988. Prior to August 1, 2003 Wallace had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Youth Supervisor. Wallace elected to accept a position as a Youth Supervisor. The position of Youth Supervisor constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

56. Ward is an adult citizen of the State of Illinois and the United States of America. Ward has been employed by the DOC continuously since 1984. Prior to August 1, 2003 Ward had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a

Correctional Lieutenant. Ward elected to accept a position as a Correctional Lieutenant. The position of Correctional Lieutenant is less senior to the position of Correctional Captain and constitutes a downward departure from the position of Correctional Captain in rank, prestige and income.

57. Welch is an adult citizen of the State of Illinois and the United States of America. Welch has been employed by the DOC continuously since 1989. Prior to August 1, 2003 Welch had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. Welch elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

58. West is an adult citizen of the State of Illinois and the United States of America. West has been employed by the DOC continuously since 1983. Prior to August 1, 2003 West had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. West elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

59. Wheat is an adult citizen of the State of Illinois and the United States of America. Wheat has been employed by the DOC continuously since 1986. Prior to August 1, 2003 Wheat had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a

Correctional Officer. Wheat elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

60. Widger is an adult citizen of the State of Illinois and the United States of America. West has been employed by the DOC continuously since 1989. Prior to August 1, 2003 Widger had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. Widger elected to accept a position as a Correctional Officer. The position of Correctional Officer is an entry level position and constitutes a significant downward departure from the position of Correctional Captain in rank, prestige and income.

61. Williams is an adult citizen of the State of Illinois and the United States of America. Williams has been employed by the DOC continuously since 1985. Prior to August 1, 2003 Williams had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 he was given the option of either losing his employment with DOC or accepting a position as a Correctional Officer. Williams elected to sever his employment with the DOC.

62. Wright is an adult citizen of the State of Illinois and the United States of America. Wright has been employed by the DOC continuously since about 1986. Prior to August 1, 2003 Wright had, for a period of time, served the DOC as a Correctional Captain. On or about August 1, 2003 she was given the option of either losing her employment with DOC or accepting a position as a Correctional Lieutenant. Wright elected to accept a position as a Correctional Lieutenant. The position of Correctional Lieutenant is less senior to the position of Correctional Captain and

constitutes a downward departure from the position of Correctional Captain in rank, prestige and income.

63. Blagojevich is the Governor of the State of Illinois. He is named in this proceeding in his individual capacity and, for the limited purpose of implementing equitable relief, in his official capacity as well. All actions he has taken with respect to this complaint have been under color of law.

64. At all times relevant to this complaint Curry was an employee of the State of Illinois and was employed by the Office of the Governor as the Deputy Chief of Staff. She is named in this proceeding her individual capacity and, for the limited purpose of implementing equitable relief, in her official capacity as well. All actions she has taken with respect to this complaint have been under the color of law.

65. At all times relevant to this complaint Walker has been employed by the State of Illinois as the Director of the DOC. He is named in this proceeding in his individual capacity and, for the limited purpose of implementing equitable relief, in his official capacity as well. All actions he has taken with respect to this complaint have been under the color of law.

66. At all times relevant to this complaint Smock has been employed by the State of Illinois DOC. In that capacity he has responsibility for labor issues throughout DOC. He is named in this proceeding in his individual capacity and, for the limited purpose of implementing equitable relief, in his official capacity as well. All actions he has taken with respect to this complaint have been under the color of law.

67. Maupin is an employee of the American Federation of State, County and

Municipal Employees, Council 31 [hereafter "AFSCME"] as a Regional Director. In this capacity, he has responsibility for handling labor issues for AFSCME. That due to his relationship with the other defendants, Maupin was acting under color of law with respect to all allegations raised in this complaint. He is being sued in his individual capacity.

68. Bayer is employed by AFSCME as its Executive Director. That due to his relationship with the other defendants, Bayer was acting under color of law with respect to all allegations raised in this complaint. He is being sued in his individual capacity.

**Allegations against the Defendants**

69. That at all times the former captains all performed their job duties in a manner consistent with the legitimate expectations of the Illinois Department of Corrections.

70. That in late 2002 the former captains all engaged in actions which are protected under the First Amendment to the United States Constitution. More specifically, they all attempted to unionize. This attempt at unionization constituted a matter of public concern.

71. That the former captains' attempts at unionization was an effort to promote the safety of all employees of the Illinois Department of Corrections and to also promote the safety and security of all inmates incarcerated by the Illinois Department of Corrections.

72. The former captains sought to unionize not only themselves but also to unionize all individuals employed as a captain by the Illinois Department of Corrections.

73. That the attempts of the former captains to organize did not in any manner hamper their ability to perform their job duties nor did it in any way interfere with the Department of Corrections ability to effectively carry out its mission.

74. That the former captains attempted to unionize with the Illinois State Employees Association [the "ISEA"]. The ISEA is a competitor union to AFSCME.

75. That AFSCME was a major financial contributor to the gubernatorial campaign of Governor Blagojevich.

76. That after he was elected in the fall of 2002, Governor Blagojevich became aware of the former captains desire to form a union. Further, all of the other defendants had knowledge that the former captains were attempting to unionize.

77. That AFSCME was opposed to the attempts of the former Captains to unionize with the ISEA.

78. That as a result of the attempts of the former captains to unionize, the defendants retaliated against them in violation of their rights under the First Amendment. In this respect, the following action was taken against the former captains:

A. That on August 1, 2003 they were all removed from their positions as captains and given the option of taking either a significant demotion in rank and pay or having their employment with the Department of Corrections terminated.

B. That on or about August 1, 2003 all of the former captains who had been demoted to the rank of correctional lieutenant had all of their seniority taken from them.

C. That on or about November 18, 2003 the former captains who had been demoted to the rank of correctional officer had all of their seniority taken from them.

79. That the decision to give the former captains the option of either being demoted or having their employment with the Illinois Department of Corrections terminated was made by Governor

Blagojevich in conjunction with Curry, Walker, Smock, Bayer and Maupin.

80. That the decision to strip those former captains who elected to be demoted of their seniority was made by Governor Blagojevich in conjunction with Curry, Walker, Smock, Bayer and Maupin.

81. That in making the decisions outlined in paragraphs 79-80 Blagojevich, Curry, Walker, Smock, Maupin and Bayer collaborated in making the decision.

82. That in making the decisions outlined in paragraphs 79-80 Blagojevich, Curry, Walker, Smock, Maupin and Bayer all acted under color of state law.

83. That the reason the former captains were demoted, had their seniority taken from them and have been subjected to a campaign of harassment were done in retaliation for the former captains exercising their first amendment rights as outlined in paragraphs 70-74. As such Blagojevich, Curry, Walker, Smock, Maupin and Bayer violated the First Amendment rights of the defendants.

WHEREFORE, the former DOC Captains respectfully requests that this Court enter judgment in his favor and against defendants Blagojevich, Curry, Walker, Smock, Maupin and Bayer and provide the following relief:

A. Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of 28 U.S.C. §§ 1983 and 1988 and issue a mandatory injunction against defendants Blagojevich, Curry, Walker, Smock, Maupin and Bayer to refrain from engaging in any actions with respect to the former DOC Captains, which are prohibited under the terms of the foregoing law;

B. Issue a mandatory injunction ordering the Illinois Department of

Corrections to reinstate to the former DOC Captains all employment duties, rights and obligations attendant to their position of employment which each would have held at the time of trial but for the discriminatory conduct complained of in this complaint.

C. Award the former DOC Captains damages sufficient to compensate each of them for economic losses suffered as a result of the conduct as alleged in this Complaint.

D. Assess against defendants Blagojevich, Curry, Walker, Smock, Maupin and Bayer the costs and expenses incurred by the former DOC Captains in maintaining the above captioned proceeding together with the reasonable attorney fees incurred by each of them in prosecuting the above captioned cause.

E. Assess against defendants Blagojevich, Curry, Walker, Smock, Maupin and Bayer Brueggemann and in favor of the former DOC Captains such compensatory and punitive damages as may be permitted by law.

F. Provide such other relief as the Court deems to be equitable and just.

**Plaintiffs' Request that all issues that may be properly tried by a jury be heard by a jury**

The Former DOC Captains

By: s/ John A. Baker
Their Attorney

John A. Baker
Bar Number: 6244334
Baker, Baker & Krajewski LLC
415 South Seventh Street

Springfield, Illinois 62701
(217) 522-3445
E-Mail: johnbakerlaw@sbcglobal.net