E-FILED
Tuesday, 13 June, 2006  04:48:37 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| COLLEEN BAGLEY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 05-3156 |
| | ) | |
| ROD BLAGOJEVICH, BUDDY | ) | |
| MAUPIN, and HENRY BAYER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

The Court now considers the Defendant Buddy Maupin and Defendant Henry Bayer's Motion to Dismiss First Amended Complaint.

## FACTS

The Plaintiffs are sixty former captains employed by the Illinois Department of Corrections ("IDOC").  In late 2002, they attempted to unionize with the Illinois State Employees Association ("ISEA").  The Plaintiffs' efforts were opposed by the American Federation of State, County, and Municipal Employees ("AFSCME"), a competing union that

1

was a major financial contributor to Defendant Rod Blagojevich's gubernatorial campaign.

Because of its campaign contributions, AFSCME's Regional Director, Defendant Buddy Maupin, and its Executive Director, Defendant Henry Bayer, were able to meet with Governor Blagojevich and discuss employment decisions within IDOC.  Bayer and Maupin encouraged Illinois officials to remove the Plaintiffs from their positions as captains in retaliation for the former captains' attempt to unionize with the ISEA.

The Plaintiffs allege that they were removed from their positions as captains effective August 1, 2003, and given the option of either being demoted or of having their employment terminated.  The Plaintiffs have sued Defendants Maupin and Bayer under 42 U.S.C. § 1983 for violating their First Amendment rights.

Defendants Maupin and Bayer move the Court to dismiss the Plaintiffs' suit pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Defendants argue that they are entitled to immunity because they are

union employees who acted in their union capacity during all relevant times.

## STANDARD OF REVIEW

When considering whether to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a court must accept a complaint's factual allegations as true. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).  The court will only allow a motion to dismiss if the facts alleged by the plaintiff do not support the plaintiff's claim for relief.  Bartholet v. Reishauer A.G., 953 F.2d 1073, 1078 (7th Cir.1992).

## ANALYSIS

Defendants Maupin and Bayer contend that the United States Supreme Court's decision in Atkinson v. Sinclair Refining Co., 370 U.S. 238, 247-49 (1962), makes them immune from this suit.  Maupin and Bayer argue that Atkinson holds that union agents, like themselves, cannot be personally liable for any acts that are undertaken on behalf of the union.

3

Unfortunately for the Defendants, <u>Atkinson</u> cannot be construed so broadly.  The Court only extended immunity to actions arising under § 301 of the Taft-Hartley Act.  <u>Id</u>.  Judge Jeanne E. Scott, a district judge in this district and division, reached this same conclusion in <u>Bigelow v. Blagojevich</u>, 05-CV-3209 (C.D.Ill.) (Jan. 24, 2006) (Scott, J.).  This judge is in accord with Judge Scott's view of <u>Atkinson</u> and holds that <u>Atkinson</u> does not bar the Plaintiffs' § 1983 action.  The other authority cited by the Defendants is likewise inapposite because it too deals only with the application of immunity in § 301 cases.

<u>Ergo</u>, Defendant Maupin and Bayer's Amended Motion to Dismiss First Amended Complaint (d/e 18) is DENIED.

IT IS SO ORDERED.

ENTER:    June 12, 2006

FOR THE COURT:                    s/ Richard Mills
                                  United States District Judge

4