IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| COLLEEN BAGLEY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 05-3156 |
| | ) | |
| ROD BLAGOJEVICH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

On February 15, 2008, Judge Cudmore entered the latest order in a long line of discovery disputes between the parties. Among other rulings, Judge Cudmore ordered twelve of the Plaintiffs, all of whom had previously been deposed, to sit for another deposition based on their belated interrogatory responses containing damages claims and new substantive allegations. In relevant part, Judge Cudmore's order, granting a request styled as a "Motion to Continue the Depositions of [Plaintiffs]," stated:

Defendants' Motion [103] ALLOWED in part. Plaintiffs

>Colleen Bagley, Steven Best, William Carrell, Joseph Compton, Melvin Cooper, Lloyd DeJaynes, Tony Elder, Kent Janssen, Ron Kolweier, Julia Lynn, Deborah Seeman, and Eric Welch are ORDERED to appear for the continuation of their depositions. Each deposition limited to a total of two hours in duration. Only new material / issues can be addressed in their supplemental depositions. The supplemental depositions to be held at Plaintiffs' counsel's offices in Springfield, Illinois.

Pls.' Objections, Ex. 1.

Relying on Federal Rule of Civil Procedure 30(a)(2)(A)(ii), Plaintiffs argue that the decision to allow a further deposition based on new claims turns on consideration of Rule 26(b)(2)(C). Highlighting the brevity of the text order, Plaintiffs contend that Judge Cudmore did not consider these factors and urge this Court to apply them anew or remand the case to Judge Cudmore for a more detailed ruling.

As an initial matter, the Court disagrees with Plaintiffs' claim that nothing indicates Judge Cudmore's consideration of Rule 26(b)(2)(C). Judge Cudmore's order places a number of restrictions on Defendants' depositions designed to lessen the costs imposed on the Plaintiffs, including

requiring the depositions to be held at Plaintiffs' counsel's office, and limiting the inquiry in scope (new allegations) and duration (two hours). These restrictions correspond with the Rule 26(b)(2)(C) concerns of avoiding cumulative or duplicative discovery and lessening the expenses of conducting discovery. *See* Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

In any event, even looking to the pertinent factors[1] stressed by the Plaintiffs, this Court cannot conclude that Judge Cudmore's decision was clearly erroneous. *See* Fed. R. Civ. P. 72(a) ("The district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law."). Plaintiffs' main argument is that a cheaper, more convenient alternative exists in the form of written interrogatories. However, given the new substantive allegations raised by the Plaintiffs, this type of discovery would appear insufficient, at least for some Plaintiffs. *See, e.g., Reynolds v. Jamison*, 488 F.3d 756, 770 (7th Cir. 2007) (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1297 (9th Cir. 1993)) ("'Written interrogations are rarely, if ever, an adequate substitute for a deposition when the goal is a

---

[1] Defendants suggest that Rule 26(b)(2)(C) should not apply, but this issue need not be reached.

3

witness's recollection of conversations . . . .  Only by examining a witness live can a lawyer use the skills of his trade to plumb the depths of a witness' recollection . . . .").  Plaintiffs also suggest that the Defendants should bear the negative consequences of taking depositions prior to the completion of written discovery, but this argument is unavailing: Plaintiffs are at least as culpable since this situation arose out of their dilatory responses.  Finally, other costs cited by the Plaintiffs, such as travel time and expenses, have been appropriately circumscribed by the limitations imposed in Judge Cudmore's order.

Therefore, this Court cannot conclude that Judge Cudmore failed to consider the Rule 26(b)(2)(C) or that his conclusions were clearly erroneous.  Ergo, Plaintiffs' Objections (d/e 112) are DENIED.

IT IS SO ORDERED.

ENTER:   March 13, 2008

FOR THE COURT:                    /s Richard Mills
                                  United States District Judge