IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| COLLEEN BAGLEY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 05-3156 |
| | ) | |
| ROD BLAGOJEVICH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Defendant Governor Rod Blagojevich ("Blagojevich") seeks a protective order barring his deposition [d/e 100, 115] and moves for judgment on the pleadings [d/e 125]. Defendant Julie Curry ("Curry"), Blagojevich's former Deputy Chief of Staff, also seeks a protective order limiting the scope of her deposition [d/e 104, 117].

The motions for protective orders are granted. The motion for judgment on the pleadings is converted to a motion for summary judgment and this Court will defer ruling on that motion until the parties have had an opportunity to offer any additional evidence.

## I.  BACKGROUND

Plaintiffs, former captains with the Illinois Department of Corrections ("IDOC"), brought this § 1983 suit against Blagojevich, Curry, and others for retaliation in violation of the First Amendment.  Plaintiffs allege that Blagojevich, in conjunction with Curry and others, retaliated against them for attempting to unionize with the Illinois State Employees Association ("ISEA").  Blagojevich was allegedly motivated to take these actions because of the substantial campaign contributions he received from the American Federation of State, County, and Municipal Employees ("AFSCME"), a competitor of the ISEA.  The First Amended Complaint highlights two retaliatory actions: (1) the elimination of the captain position, accomplished through Blagojevich's use of a legislative veto, and (2) the stripping of seniority from former captains.

Blagojevich and Curry now seek protection from discovery.  First, both argue that because the captain's position was eliminated through a legislative veto, legislative immunity applies.  Second, Blagojevich argues that nothing suggests that he possesses any information regarding the

former captains' loss of seniority.

Blagojevich also requests judgment on the pleadings on the same grounds.

## II.  ANALYSIS

### A.  Legislative Immunity for Veto Decision

First, Blagojevich and Curry renew their request for a protective order with respect to the legislative veto eliminating the captain position. *See 2BD Assocs. Ltd. P'ship v. County Comm'rs for Queen Anne's County*, 896 F. Supp. 528 (D. Md. 1995). "Absolute legislative immunity attaches to all actions taken 'in the sphere of legitimate legislative activity,'" *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998) (quoting *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951)), and extends to non-legislative officials engaging in legislative acts, *id.* at 55 ("We have recognized that officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions . . . ."), as well as their aides, *see, e.g., Rini v. Zwirn*, 886 F. Supp. 270, 284 (E.D.N.Y. 1995) (citing *Gravel v. United States*, 408 U.S. 606, 618 (1972)).

In determining whether an act is "legislative," the Supreme Court has employed a two-step analysis scrutinizing both form and substance. *Bogan,* 523 U.S. at 55-56. In an earlier opinion, this Court recognized that the first step was met: Blagojevich's veto was legislative in form [d/e 94]. *See id.* at 55 ("[A] Governor's signing or vetoing of a bill constitutes part of the legislative process."); *Risser v. Thompson*, 930 F.2d 549, 551(7th Cir. 1991) ("When the governor of a state is exercising his veto power, he is acting in a legislative capacity, and he is therefore entitled to absolute immunity." (citations omitted)).

The second criterion is whether a purportedly legislative act was legislative in substance, i.e., whether it bears "all the hallmarks of traditional legislation." *Bogan*, 523 U.S. at 55-56. For example, the hiring and firing of a single employee is an administrative act because it lacks "prospective implications that reach well beyond the particular occupant of the office," whereas the elimination of an entire position is legislative because it does carry such implications *Id.* at 56; *see Rateree v. Rockett*, 852 F.2d 946, 950-51 (7th Cir. 1988) (total elimination of several positions

from a budget constitutes a legislative act meriting protection).

In its last foray into legislative immunity, this Court ultimately refused to grant the protective order based on this substantive prong. The major obstacle to relief was *Canary v. Osborn*, 211 F.3d 324 (6th Cir. 2000). In that case, the Sixth Circuit found no prospective implications where the position of "assistant principal" was ostensibly eliminated but a new position of "student facilitator" was created to cover the same duties. *Id.* at 330-31. Plaintiffs argued, and still argue, that *Canary* controls because a new shift commander position was created to handle the former functions of a captain. Given the dearth of evidence in the record on the positions and the structure of the IDOC, this Court initially denied application of legislative immunity.[1]

Responding to that prior denial, Defendants have submitted evidence regarding the structure of the IDOC and various affidavits suggesting that the captain position differs from the new shift commander position.

---

[1]Similarly, the motion for judgment on the pleadings was denied because it was unclear from the face of the pleadings (which failed to even mention a veto) whether legislative immunity applied.

Plaintiffs counter with evidence of a substantial overlap between captain and shift commander jobs and argue that material facts preclude this Court from ruling on the legislative immunity question.

Nevertheless, the Court need not wade into an evidentiary dispute because, as Plaintiffs' own evidence shows, the elimination of the captain position had prospective implications. Unlike *Canary*, where the former employee was simply replaced by a new employee, here the captain's position was eliminated and its functions were reallocated among the remaining employees. Specifically, the captain's duties were merged into the major position, which took over the captain's former role of acting as shift commander. Thus, this case does not involve a simple one-for-one *replacement*, as in *Canary*, but rather a reorganization and redistribution of duties among existing supervisory employees. For instance, as Plaintiffs admit in their arguments, the major/shift commander position was saddled with many of the tasks previously performed by captains and many of the former duties of the majors were, in turn, pushed up to the Assistant Warden of Operations. Such restructuring decisions clearly carry

prospective implications for the IDOC and, as such, bear the traditional hallmarks of legislative action. Indeed, nothing distinguishes this case from the average reduction-in-force legislation aimed at reallocating duties to reduce costs. Therefore, Blagojevich and Curry are entitled to legislative immunity with respect to the legislative veto. *See Rateree*, 852 F.2d at 950-51.

### B.   Depositions on Loss of Seniority

Blagojevich also seeks a protective order with respect to the alleged stripping of seniority from the former captains. As the Seventh Circuit has noted, "depositions of public officials create unique concerns," and should not be allowed "unless there is some reason to believe that the deposition will produce or lead to admissible evidence." *Stagman v. Ryan*, 176 F.3d 986 (7th Cir. 1999).

In prior orders, this standard was met because Blagojevich had relevant information regarding his use of the veto. Plaintiffs, however, point to no evidence suggesting Blagojevich's role in stripping the captains of their seniority. As such, they have failed to show that Blagojevich's

deposition would likely lead to admissible evidence. Therefore, a deposition would be improper.

### C. Motion for Judgment on the Pleadings

Finally, Blagojevich seeks judgment on the pleadings on these same grounds. The motion, however, relies on outside evidence, and is therefore converted to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).

While solving one problem, however, this conversion creates another. Federal Rule of Civil Procedure 12(d) provides that when a 12(c) motion is converted, "[a]ll parties must be given a reasonable opportunity to present all material that is pertinent to the motion."

In this case, both parties have largely had this opportunity with respect to the legislative veto issue. Less clear, however, is whether all of the pertinent evidence relating to Blagojevich's alleged role in the loss of seniority. Therefore, in compliance with Rule 12(d), Plaintiffs shall have 21 days from the entry of this order to add further evidence, if any, relating to the converted summary judgment motion. If any such evidence is presented, Blagojevich will have 14 days to respond.

8

## III.  CONCLUSION

Ergo, this Court grants Blagojevich's motions for a protective order [d/e 100, 115] and hereby prohibits Plaintiffs from deposing him. Blagojevich's motion for judgment on the pleadings [d/e 125] is converted to a motion for summary judgment, and the parties are given an opportunity to submit further evidence on the issues raised.

Curry's motions to limit the scope of her deposition [d/e 104, 117] are also granted.  Plaintiffs are prohibited from seeking discovery from Curry relating to:

(a) Curry's communications with Governor Blagojevich or anyone else in the Governor's Office regarding IDOC's budget proposals;

(b) Curry's communications with Governor Blagojevich or anyone else in the Governor's office regarding the legislation intended to amend the State Budget to fund the captain position, and the Governor's response to that legislation;

(c) Curry's analysis of the budgetary effects of the elimination of the captain position; and

(d) Curry's communications relating to any other legislation where she, on behalf of the Governor, had an active role.[2]

IT IS SO ORDERED.

ENTERED:                                October 21, 2008

FOR THE COURT:                          /s Judge Richard Mills
                                        United States District Judge

---

[2] Curry also requests a prohibition against inquiry into "Curry's communications with third-parties which tend to reveal the thought process behind the Governor's or her own decisions concerning the [IDOC] Budget or the Governor's veto of the bill intended to fund the captains position . . . ." [d/e 104]. However, it is not entirely clear whether such broad protection is permissible. Since this issue was not specifically addressed in the briefings and argument, it is denied at this time.